# IN THE TEXAS COURT OF CRIMINAL APPEALS

EX Parte

Gerald Allen Perry

CAUSE No. 607928

WRIT NO. 29,029

29,029-10

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 20 2015
Abel Acosta, Clerk

## Applicant's Motion For A New Hearing because of disqualification of Trial Judge Debbie Mantooth Stricklin of 180th District Court who had an interest in the Harris County District Attorney's Office As Chief Prosecutor from 1989-1994

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gerald Allen Perry #644896 files his Pro'se Motion For New Hearing on his Application for Habeas Corpus relief in the Above Numbered Cause because Former Judge Debbie Mantooth Stricklin was constitutionally disqualified because of a conflict of Interest with her former Client (i.e.) The STATE OF TEXAS v. Gerald Allen Perry in the Above Numbered Cause where she was the Chief Prosecutor of Harris County, Texas from 1989-1994 Assistant District Attorney from 1983-1994.

Applicant request that the Texas Court of Criminal Appeals take Judicial Notice of the fact that Debbie Mantooth Stricklin was An Assistant District Attorney of the Harris County Texas before becoming A District Judge. Texas Rules of Evidence # see Also IN RE: KEM 89 S.W.3d. 814 817 N.(6),(7) citing Hawthorne v. State 459 S.W.2d. 826,828 (Tex Cr. App. 1970) (op on rehg) taking Judicial Notice of the fact that A trial Judge had been A District Attorney at the time of a previous trial, see Also Strahan v. State 221 S.W. 976,977 (1920) taking Judicial Notice of A trial Judge's Tenure As District Attorney and appointment to the bench.

MOTION DENIED
DATE: 2-11-15
BY: _____

In State Ex Rel. Sherrod v. Carey 790 S.W.2d. 705, 708-09 (Tex. App.-Amarillo 1990) the Appellate Court for the Seventh District of Texas held that "the duty to avoid a conflict of interest has long been imposed on the prosecutors of this state. See (e.g.) Garett v. State 94 Tex. Crim. 556 252 S.W. 527 (1922) The duty is presently codified in Article 2.01 of the Texas Code of Criminal Procedure Annotated (Vernon's 1990) The statute provides in part that "each District Attorney shall represent the STATE ... except in cases where he has been, before his election, adversely employed".

In Ex Parte Spain 589 S.W.2d. 132, 134 (Tex. Cr. App. 1979) the Court held that a conflict of interest arose when a prosecutor representing the State at a probation revocation hearing represented the defendant when he first pleaded guilty. The existence of a conflict of interest denied the defendant's right to due process under the Fourteenth Amendment and the Texas Constitution, I § 19 See Also Ex Parte Morgan 616 S.W.2d. 625, 626 (Tex. Cr. App. 1981)

Spain and Morgan both recognized that cases involving an apparent conflict of interest on behalf of the state present constitutional questions of due process, and require no specific showing of prejudice by the defendant. In addition to the mere appearance of impropriety, there exists a very real danger that the District Attorney could prosecute the defendant on the basis of facts acquired by him during the existence of a prior professional relationship. Spain 589 S.W.2d. at 134. Use of such confidential information would not only violate the Attorney client/privilege, but would also deprive the defendant of his constitutional right to due process and his right against self-incrimination. These constitutional rights are so vital to a fair trial that courts must examine every potential infringement with exacting scrutiny.

Thus contrary to the State's interpretation, there are circumstances in which Article 2.01 must be construed broadly enough to include adverse employment by members of the District Attorney's Office, as well as the District Attorney himself, in order to protect the constitutional rights of a defendant.

The trial court's duty when ruling on a motion to disqualify is to ensure that the defendant's constitutional rights are not violated by any alleged conflict of interest. That duty is discretionary not ministerial, in nature.

The clear implication of MAY AND Worthington, supra, is that Article 2.01 must be construed broadly enough to protect a defendant from conflicts of interest involving not only the elected District Attorney himself, but also members of his staff. The District Attorney and his entire office under appropriate circumstances may be disqualified from participation in a particular case on constitutional grounds as well as under the Disciplinary Rules of Professional Conduct. The Trial Court has a duty to protect a defendant's right to due process of law under the United States and Texas Constitutions. These constitutional consideration over ride the inconsistent implications of Article 2.01 argued by the state.

See Also Local Government Code §171.004 (A) which states "A public official who has a substantial interest in a business entity or real property shall not participate in a vote or decision in any manner involving that entity or property if the action on the matter of the business entity will have a special economic effect on the entity that is distinquishable from the effect on the public, or it is reasonably foreseeable that an action on the matter of the real property will have a special economic effect on the value of the property distinguishable from its effect on the public.

Article V §11 of the Texas Constitution provides in part that no Judge shall sit in any case" where in he may be interested....The legislature has implemented this provision by the enactment of Article (15). It is a settled principle of law that the interest which disqualify A Judge is an interest, however small, which rests upon a direct pecuniary or personal interest in the result presented to the Judge or court. See Cameron v. Greenhill 582 S.w.2d. 775, (Tex.1979)

The Texas Constitution Article 5 section 11 set forth the grounds for Judicial disqualification. It provides in relevant part that "No Judge shall sit in any case ... when the Judge shall have been counsel in the case. Before a Judge is disqualified on this ground "it is necessary that the Judge acted as counsel for some of the parties in the suit before him in some proceeding in which the issues were the same as in the case before him. IN RE: O'conner 92 S.W. 3d. 446, 448-49 (Tex. 2002)

Tex. R. Civ. P. #18(b)(1)(A) incorporates this language and also provides that a Judge is disqualified if "A lawyer with whom the Judge previously practiced law served during such association as a lawyer concerning the matter. Rule(b)(1)(A) accordingly recognizes that a Judge is vicariously disqualified under the Constitution as having been "counsel in the case", if a lawyer with whom the Judge previously practiced law served as counsel to a party concerning the matter during their association. Id.

<u>Applicant's Argument</u>

Applicant reasonably believes that Former District Judge Debbie Mantooth Stricklin had a substantial interest in the result of Applicant's habeas Corpus proceedings because of her former <u>Government employment as Chief Prosecutor of the Harris County District Attorney's Office from 1989-1994. Assistant District Attorney from 1983-1994</u>. As an Assistant District Attorney, <u>counsel for the STATE OF TEXAS ... when a prisoner launches a collateral attack against a criminal conviction after societies legitimate interest in the finality of the Judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal.</u> See United States v. Frady 102 S.ct. 1584 1592-93, 1595 N.(17)

. How could the State's Chief Prosecutor not have an interest in litigation investigated prosecuted and ending in conviction and affirmance on direct Appeal? The District Attorney and all his Assistant District Attorney's were he co-workers ... If the same Texas Constitution Art. 5 §11 described in IN RE: O'conner 92 S.W. 3d. 446, 448-49 (Tex. 2002)

describing the Texas Rule of Civil Procedure #18b(1)(A) was Applied in this habeas corpus proceeding Exparte Perry writ No. 29,029(1-10) they all would be void Judicial orders entered without Jurisdiction. In Harbison v. McMurray 158 S.W.2d.284 (Tex.1942) the Court held "It is rule of federal Courts And of those state courts which do not divide Jurisdiction of their Appellate courts as to civil and criminal cases, that a habeas corpus proceeding is a civil remedy as distinguished from a criminal remedy or criminal proceeding regardless of whether prisoner is detained under civil or criminal process. Petition for writ of Habeas Corpus is a civil action which is governed by civil rules. Lyles v. Beto 32 F.R.D.248 (S.D.Tex.1963).

There is an Apparent conflict of laws concerning whether or not Texas Rules of Civil Procedure Apply in Habeas Corpus proceedings in state court. See Ex Parte Rieck 144 S.W.3d. 510, 516 N.(46)

In McLenan v. State 661 S.W.2d.108,110 (Tex.Cr.App.1983) the Texas Court of Criminal Appeals held Art. 200(A) section(6) now codified Tex. Rule of Civil Procedure #18(A) Applies to criminal cases. In De Blanc v. State 799 S.W.2d.701,705 (Tex.Cr.App.1990) cert.denied 111 S.Ct.2912 (1990) it was implicitly held Tex. R. Civ. P.#18(A) Applies to criminal cases. What was implicit in De Blanc The Texas Court of Criminal Appeals made explicit in Arnold v. State 853 S.W.2d.543 544-45 (Tex.Cr.App.1993)

The question of the disqualification of the trial Judge may be raised by a motion for new trial. Seabrook v. First. Nat. Bank 171 S.W. 247 (Civ.App. 1914)

The word "party" in Rev. Civ. St.1895 Art. 1129 was not limited to those named as parties in the pleadings, but included All persons directly interested in the subject matter and result of the suit. Jirou v. Jirou 136 S.W. 493 (Civ. App. 1911)

If there was a likelihood that information pertaining to The State of Texas V. Gerald Allen Perry Cause No. 607922 Date prepared 8-28-91 By d J b DA No. 495 Agency HPD O/R NO. 78784291 Arrest date 8-27-91 NCIC Code 097 10 reached Debbie Mantooth Stricklin, although she did not pass upon it or investigate it, there would undoubted-ly be an appearance of evil if she was not disqualified. C.f. General Motors Corp. V. City of New York 501 F.2d. 639, 649-52 (2nd Cir. 1974). While serving the State of Texas as Chief Prosecutor of Harris County, with the duty to prosecute all violations of Texas law there is the appearance of impropri-ety in violation of Judicial Code of Conduct of Texas CANON (2), reprinted in Texas Gov't Code Ann. tit. 2 subtit G. App. B (Vernon 1998) when Debbie Mantooth Stricklin became a Judge of the 180th Dist-rict Court and adjudicated applicant's habeas corpus petition in Ex Parte Perry writ No. 29,029. Harris County would be lia-ble for False Arrest or Imprisonment and Malicious Prosecution if applicant would have prevailed in the Habeas Corpus action so Honorable Judge Debbie Mantooth Stricklin should have recused herself. See Also Local Gov't Code §171.004 (A) which states "A public official who has a substantial interest in a business entity shall not participate in a decision in any matter involving that entity if the action on the matter of the business entity will have a special economic effect on the entity that is distinguishable from the effect on the public. Texas Disciplinary Rules of Professional Conduct # 1.09, 1.10 (A),(C),(e),(i) would also disqualify her from adjudicating a case she had official responsibility over when she represented the STATE OF TEXAS As (Chief) Assistant District Attorney because she could be partial to her Co-workers on the District Att-orney's staff and abuse the powers of Judiciary in favor of The STATE OF TEXAS.

Applicant request that the Trial Court or the Texas Court of Criminal Appeals declare all prior orders of 180th District Court signed by Debbie Mantooth Stricklin null and void and hold a new hearing on the Applications for Writ of Habeas Corpus. c.f. IN RE: KEM 89 S.W.3d. 814 - 829 (Corpus Christi-Tex. App 2002)

If the Texas Court of Criminal Appeals took Judicial notice of the fact that John B. Holmes, Former District Attorney of Harris County and Debbie Mantooth Stricklin Former Chief Prosecutor of Harris County were law partners or Associates during the commission of the offense, investigation, prosecution, conviction and Appeal ... she would appear to be partial or biased in favor of the State of Texas to a reasonable person or the Average Man.

Respectfully Submitted
Gerald Allen Perry

I declare under the penalty of perjury that the foregoing is true and correct. 28 USC § 1746

1-14-15 _____ EXECUTED ON

*Gerald allen Perry*
signature

Certificate of Service

A true and correct copy has been forwarded to the 180th District Court by U.S. Mail and the Original to Texas Court of Criminal Appeals in Austin, Texas P.O. Box 12308 Capitol Station 78711